UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jacob CARATTINI,<br><br>               Plaintiff,<br><br>v.<br><br>DAUGHERTY et al.,<br><br>               Defendants. | Civil No. 3:25-cv-01186 (VAB) |

**RULING ON MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Jacob Carattini ("Plaintiff"), an inmate at MacDougall Correctional Institute, has filed a Complaint alleging that correctional officials have violated his civil rights. (Compl., ECF No. 1.) He has also moved for leave to proceed *in forma pauperis*, or "IFP."  (ECF No. 2.)

Ordinarily, people who file civil actions must pay filing and administrative fees totaling $405. *See* 28 U.S.C. § 1914. When a prison inmate moves to proceed IFP, and the Court grants the motion, the $55 administration fee is waived and the inmate is allowed to pay the $350 filing fee in installments over time. *See id.* and 28 U.S.C. § 1915.

The question presented here is whether Mr. Carattini has shown that he is entitled to IFP status.  He has not, and accordingly his motion is **DENIED**.

1. **STANDARD OF REVIEW**

An inmate's IFP motion should be granted when an affidavit shows an inability "to pay" the fees. 28 U.S.C. § 1915(a). The United States Supreme Court has held that a plaintiff is "unable to pay" when the plaintiff "cannot because of his poverty pay or give security for the costs and still be able to provide himself and his dependents with the necessities of life." *Adkins v. E.I. DuPont*

*de Nemours & Co.*, 335 U.S. 331, 339 (1948). Inmates do not have to show that they are "wholly destitute," nor do they have to show that paying the fee would force them to spend the "last dollar they have or can get." *Id.* They need only show that paying the filing fees all at once would force them to "choose between abandoning a potentially meritorious claim or foregoing [*sic*] the necessities of life." *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam).

In deciding whether an inmate has made the required showing, courts consider not only income and assets, but also any necessary expenses. As the Second Circuit has explained, many inmates "maintain their own, often complex, economic lives" despite their incarceration, and some have "medical debts, student loans, support orders" and the like. *Rosa v. Doe*, 86 F.4th 1001, 1009–10 (2d Cir. 2023). And while "what constitutes the 'necessities of life' that must be purchased is obviously different for prisoners, most of whose necessities are paid for by the jurisdiction that incarcerates them[,]" *In re Epps*, 888 F.2d 964, 967 (2d Cir. 1989), the Department of Correction does not pay for everything. *See Rosa*, 86 F.4th at 1009. Thus, in determining whether an inmate qualifies for IFP status, courts must consider not only the balance in his trust account statement and any inside or outside income, but also his outside debts and his necessary expenses on items not provided for him by the prison. *Id.*

   2. **DISCUSSION**

In this case, Mr. Carattini had $595.78 in his inmate trust account at the time of the filing of his Complaint. (ECF No. 3, at 1.). That amount exceeds the filing fee by more than $190 and requiring him to pay the fee at the beginning of the case would therefore not strip him of his last dollar. Courts have denied IFP motions for inmates whose trust account balances exceeded the filing fee by similar amounts. *See, e.g., Crispin v. Brady*, No. 3:21-CV-229, 2021 WL 1910893,

at *1 (D. Conn. Mar. 16, 2021) (denying IFP status to an inmate with a trust account balance of $580.05). This is particularly true when the inmate has received significant outside income, as is the case here. *Id.* (reflecting that Inmate Crispin had received a $1,000 settlement shortly before filing his case); (*see also* Tr. Acct. Stmt., ECF No. 3) (reflecting that Mr. Carattini receives regular outside deposits of as much as $200 several times a month).

Of course, an inmate's trust account balance does not always tell the whole story. As noted above, the Second Circuit has directed district courts to consider an inmate's necessary expenses as well. *Rosa*, 86 F.4th at 1009-10. In *Rosa*, for example, the inmate had $576.98 in his trust account at the time he filed his complaint. *Id.* at 1006. But he also had monthly family support obligations and over $1,500 in debts, and he was therefore entitled to proceed IFP even though his account balance exceeded the filing fee by more than $170. *Id.* at 1006, 1009–10. Similarly, the court granted the plaintiff's IFP motion in *Arpin v. Semple* because, although he had received $1,400 in outside deposits, he proved that he spent those funds on special dietary items not provided for him by the Department of Correction. No. 3:24-cv-1033 (SRU) (TOF), 2024 WL 3745873, at *2 (D. Conn. July 22, 2024).

In this case, Mr. Carattini does not indicate having to support anyone, nor does he report any student loans, medical debts, or other indicia of a "complex economic life." (Tr. Acct. Stmt., ECF No. 3, at 2.). He does, however, claim to spend $227.50 on "necessities of life that are not provided for [him] by the Department of Correction." *Id.* Specifically, he claims to spend $27.50 each month on "toothpaste," "soap" and "mouthwash," and a full $200 every month on "food," even though the Department feeds him. *Id.* If these claims were plausible, they might arguably entitle Mr. Carattini to IFP status. *See, e.g., Arpin* (granting IFP motion despite $1,400 in outside

3

deposits, because the inmate proved a need to expend significant funds on special dietary items not provided for him by the Department, and documented that need with commissary receipts).

Mr. Carattini's claim to spend $200 each month on food cannot be accepted on the current record. The Court keeps itself informed on the prices that the Department charges for food items, and this level of spending cannot be regarded as "necessary." Just to cite a few examples from the Department's commissary price list, a can of beef stew costs $2.08; a box of rice costs $0.65; a bagel costs $0.52; and a granola bar costs $0.65. *Manson v. Caron*, No. 3:24-cv-876 (MPS) (TOF), 2024 WL 3159030 (D. Conn. June 25, 2024). Mr. Carattini could therefore buy one of each of these items every single day of his incarceration, and not even approach $200 in monthly food expenses.

In summary, Mr. Carattini apparently has enough money to prepay the $405 filing fee and provide for genuinely necessary spending.

Accordingly, he is therefore not entitled to *in forma pauperis* status, and his motion (ECF No. 2) is **DENIED**.

All further proceedings in this matter shall be held in abeyance until **September 26, 2025,** pending the plaintiff's delivery of the filing and administrative fees in the amount of $405.00 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 141 Church Street, New Haven, CT 06510.

Failure to tender the case initiation fees by **September 26, 2025** will result in the dismissal of this action.

**SO ORDERED** at New Haven, Connecticut, this 22nd day of August, 2025.

                                                                                              /s/ Victor A. Bolden
                                                                                              Victor A. Bolden
                                                                                              United States District Judge